IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUANE MARK HUDSON, ) | |
| ) | |
| Plaintiff. ) | |
| ) | Case No. 3:11-cv-01132 |
| v. ) | Judge Sharp/Brown |
| ) | **Jury Demand** |
| FORD MOTOR COMPANY et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

To: The Honorable Kevin Sharp, District Judge

### REPORT AND RECOMMENDATION

Presently pending before the Magistrate Judge are Defendants' Motion to Dismiss (Docket Entry 25), Defendants' Motion to Strike Plaintiff's Response to Motion (Docket Entry 55), and Defendants' Motion to Strike Plaintiffs Response in Opposition to Motion (Docket Entry 57). Defendants have also filed a Motion for Leave to File a Second Reply. (Docket Entry 62).[1] The undersigned has also reviewed all memoranda, exhibits, responses and replies. For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and the Motions to Strike and Motion for Leave to File Second Reply be **DENIED as moot**.

I. INTRODUCTION AND BACKGROUND

In his Amended Complaint, Plaintiff alleges Defendants discriminated against him in his

---

[1] The Magistrate Judge cautions Defendants that, by restating essentially the same arguments over and over, they are over-arguing a straightforward case and may "protest too much."

1

employment based on his sex. (Docket Entry 13). He specifically alleges "he was terminated by the Defendant based on sexual stereotyping" and that management "referred to him as a 'drama queen' and did not allow his subordinates to confer with him, thus creating a 'hostile work environment.'" *Id*. Plaintiff filed a claim with the Equal Employment Opportunity Commission on or about May 10, 2010 and received a Notice of Right to Sue on August 30, 2011. *Id*. He filed this action on November 28, 2011. (Docket Entry 1).

## II. STATEMENT OF UNDISPUTED FACTS

Defendants' Motion to Dismiss relied on materials outside the pleadings. (Docket Entry 26). Because the Magistrate Judge has relied on these materials in formulating this Report and Recommendation, this Motion is more properly analyzed under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). Defendants filed a Statement of Undisputed Material Facts. (Docket Entry 39).[2] While Plaintiff did not file a formal Response to the Undisputed Material Facts, he both responded to and alleged additional facts in his Responses to the Motions. (Docket Entries 45, 55). Defendants have responded to Plaintiff's facts in their Motions to Strike and accompanying Memoranda. (Docket Entries 53, 54, 57, 58). Based on all these submissions, the undisputed material facts are set forth below.

1. Plaintiff, Duane Mark Hudson, was formerly employed by Ford Motor Credit Company in Franklin, Tennessee.

2. Plaintiff's employment with Ford Motor Credit Company ended involuntarily in march 2010.

---

[2] The same document was apparently docketed twice, at Docket Entries 39 and 46. It appears to be identical. For purposes of this Report and Recommendation, the Magistrate Judge will refer to Docket Entry 39.

2

3. In connection with his separation, Plaintiff signed a Waiver and Release Agreement on March 22, 2010.

4. Pursuant to the Waiver and Release Agreement, Plaintiff released Defendants from all rights or claims, whether known or unknown, under any federal, state or local civil rights laws or regulations, or any common law actions, relating to his "employment, employment discrimination or the separation of [his] employment."

5. In the Waiver and Release Agreement, Plaintiff also agreed "not to start any proceedings of any kind against [Ford Motor Company or its affiliates or subsidiaries] relating in any way to [his] employment or the separation of [his] employment and [he] agree[d] to terminate any proceedings [he] may have begun" on such a basis.

6. In exchange for Plaintiff's promises in the Waiver and Release Agreement, Plaintiff received benefits provided for under Ford Motor Company's Salaried Income Security Plan ("SISP"), including severance pay equal to eight months' salary, six months of continued medical coverage, life insurance, and accidental death and dismemberment insurance benefits.

7. Plaintiff filed a petition for Chapter 13 Bankruptcy on September 18, 2007 in the United States Bankruptcy Court for the Middle District of Tennessee. *See In re Duane Mark Hudson*, 3:07-bk-06768.

8. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on May 20, 2010 against Ford Motor company asserting race, age, and disability discrimination arising out of the separation of his employment.

9. Plaintiff did not update his bankruptcy schedules to disclose any claims for wrongful discharge against Ford Motor Company or Ford Motor Credit Company.

10. Plaintiff filed an amended Charge of Discrimination against Ford Motor Company on November 4, 2010 asserting an additional gender discrimination claim arising out of the separation of his employment.

11. Plaintiff did not update his bankruptcy schedules to disclose his gender discrimination claim.

12. Plaintiff did not disclose his discrimination claims to the Bankruptcy Court at any time before or since his Chapter 13 Bankruptcy case was dismissed on November 19, 2010 for noncompliance and closed on May 16, 2011.

III. LEGAL DISCUSSION

### A. Standard of Review for Summary Judgment

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must review the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. In other words, the nonmovant must produce supporting factual evidence that is not "so conclusively contradicted by the record that no reasonable jury could believe it." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment rather, there must

4

be evidence on which the jury could reasonable find for the nonmoving party. *Anderson*, 477 at 252.

### C. Analysis

In his Amended Complaint (Docket Entry 13), Plaintiff alleges Defendants terminated his employment based on his sex. Specifically, Plaintiff alleges he was "terminated after Ford Management referred to him as a 'drama queen' and did not allow his subordinates to confer with him, thus creating a 'hostile work environment.'" (Docket Entry 13, pp. 2-3). Plaintiff alleges he never received a negative review in seventeen and one-half years and "was terminated due to 'so called' outsourcing." (Docket Entry 13, p. 2).

Plaintiff alleges that Defendants discriminated against him based on his sex, violating Title VII, 42 U.S.C. § 2000e, et seq. Plaintiff has not shown direct evidence of intentional discrimination by Defendant. *See*, *e.g.*, *Amini v. Oberlin Coll.*, 440 F.3d 350, 359 (6th Cir. 2006) (Direct evidence "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions."). Because Plaintiff has not shown direct evidence of discrimination, the three-step burden-shifting analysis is applied. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Under this analysis, Plaintiff must first set forth a prima facie case of discrimination. *Id*. Once Plaintiff does so, the burden shifts to Defendants to articulate some legitimate, nondiscriminatory reason for its actions. *Id*. If Defendants carry this burden, Plaintiff must then prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination. *Id*.

A prima facie case for discrimination based on circumstantial evidence requires that the Plaintiff "prove four elements: (1) he or she was a member of a protected class; (2) he or she

5

suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees." *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004). Because Plaintiff is not female, he must "demonstrat[e] that he was intentionally discriminated against despite his majority status." *Arendale v. City of Memphis*, 519 F.3d 587, 603 (6th Cir. 2008) (internal quotations omitted).[3]

      Here, Plaintiff's allegations, even if true, do not show intentional discrimination. He alleges only one incident that even potentially implicates his gender. A bare allegation that a single vague statement is discrimination is not enough to allege a prima facie case for discrimination. Moreover, even if Plaintiff had properly stated a case for discrimination for which Defendants could not articulate a legitimate, nondiscriminatory reason, the Magistrate Judge believes Plaintiff waived this claim in his Waiver and Release Agreement with Defendants and by failing to include it in his bankruptcy petition. *See Adams v. Philip Morris, Inc*., 67 F.3d 580, 583-84 (6th Cir. 1995) (enforcing a waiver of Title VII claims made in a severance agreement); *White v. Wyndham Vacation Ownership*, 617 F.3d 472, 479 (6th Cir. 2010) (discussing the application of judicial estoppel to a debtor who omitted an employment claim from her Chapter 13 petition). While the undersigned believes Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), and Defendants are entitled to dismissal, the Magistrate Judge has

---

[3] While Plaintiff claims he was called a "drama queen," he does not make a specific allegation that he was discriminated against based on his sexual orientation. Nor does he indicate whether he is a homosexual. Even if he were making this specific allegation, there is no protection from discrimination under federal law based on sexual orientation. *See Vickers v. Fairfield Med. Ctr*., 453 F.3d 757, 762 (6th Cir. 2006).

considered the additional materials submitted by the parties and believes Defendants would also be entitled to summary judgment based on waiver and judicial estoppel of Plaintiff's claims.

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** and the Motions to Strike and Motion for Leave to File Second Reply be **DENIED as moot**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 11th day of October, 2012.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge