UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DUANE MARK HUDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-cv-01132 |
| v. ) | |
| ) | Judge Sharp |
| FORD MOTOR COMPANY, *et al.*, ) | Magistrate Judge Brown |
| ) | |
| Defendants. ) | |

## ORDER

*Pro se* Plaintiff Duane Mark Hudson is a former employee of Defendant Ford Motor Company and Ford Motor Credit ("Defendants"). (Docket Entry No. 13, Amended Complaint). Plaintiff filed this claim against Defendants on November 28, 2011, pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. (*Id.* at 1 and Docket Entry No. 1, Complaint). He seeks compensatory damages in the amount of $949,000 and punitive damages in the amount of $2.5 million. (*Id.* at 13). Plaintiff alleges Defendants discriminated against him based on his sex, and he was terminated based on sexual stereotyping. (*Id.* at ¶ 8). Specifically, Plaintiff contends after being employed by Defendants for seventeen years, he was "terminated do [sic] to "so called" outsourcing" and was terminated after Defendants referred to him as a "drama queen." (*Id.*).

On April 5, 2012, Defendants filed a Motion to Dismiss (Docket Entry No. 25)[1], contending the following:

---

[1] Also pending before the Court are *Defendants' Motion to Strike, or in the alternative, Defendants' Reply to Plaintiff's Statement of Facts* (Docket Entry No. 53) and *Defendants' Motion to Strike* "Plaintiff's Motion Requesting the Denial of Defendants Motion to Dismiss Based on Breach of Employment Prior to Sep[a]ration." (Docket Entry No. 57). These motions will be denied as moot.

1

> 1. Plaintiff knowingly waived all Title VII claims when he accepted a severance package in exchange for a signed waiver of all claims at the time of his separation.
>
> 2. Plaintiff is judicially estopped from making his Title VII claims because he had previously declared bankruptcy and failed to disclose his claims as potential assets to the Bankruptcy Court.
>
> 3. Plaintiff has failed to state a plausible claim upon which this Court may grant relief.

(*Id.* at 1), to which Plaintiff filed a response. *See* (Docket Entry Nos. 41, 45 and 55).

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry No. 66) in this case on October 11, 2012, concluding,

> Here, Plaintiff's allegations, even if true, do not show intentional discrimination… A bare allegation that a single vague statement is discrimination is not enough to allege a prima facie case for discrimination. Moreover, even if Plaintiff had properly stated a case for discrimination which Defendants could not articulate a legitimate, nondiscriminatory reason, the Magistrate Judge believes Plaintiff waived this claim in his Waiver and Release Agreement with Defendants and by failing to include it in his bankruptcy petition. *See Adams v. Philip Morris, Inc.*, 67 F.3d 580, 583-84 (6th Cir. 1995) (enforcing a waiver of Title VII claims made in a severance agreement); *White v. Wyndham Vacation Ownership*, 617 F.3d 472, 479 (6th Cir. 2010) (discussing the application of judicial estoppel to a debtor who omitted an employment claim from her Chapter 13 petition).
>
> While the undersigned believes Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6), and Defendants are entitled to dismissal, the Magistrate Judge has considered the additional materials submitted by the parties and believes Defendants would also be entitled to summary judgment based on waiver and judicial estoppel of Plaintiff's claims.[2]

(*Id.* at 6-7). Therefore, the Magistrate Judge recommended that "Defendants Motion to Dismiss be **GRANTED** and the Motions to Strike and Motion for Leave to File Second Reply[3] be

---

[2] In an Order entered on May 29, 2012, the Magistrate Judge noted that "there are some matters contained in the motion to dismiss, which appear to be beyond the pleadings themselves. To that extent portions of this motion may be properly decided under Rule 56 as a motion for summary judgment. (Docket Entry No. 35).

[3] This Court entered an Order granting *Defendants' Motion for Leave to File Second Reply in Support of Their Motion to Dismiss* one day prior to the entry of the R & R. *See* (Docket Entry No. 63). Therefore, the Court need not address this motion.

2

**DENIED** as moot.  Plaintiff filed a timely objection to the R & R on October 31, 2012.  (Docket Entry No. 69).

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

Accordingly, the Court hereby rules as follows:

(1)  The Report and Recommendation (Docket Entry No. 66) is hereby ACCEPTED and APPROVED;

(2) *Defendants' Motion to Dismiss* (Docket Entry No. 25) is hereby GRANTED;

(3) *Defendants' Motion to Strike, or in the alternative, Defendants' Reply to Plaintiff's Statement of Facts* (Docket Entry No. 53) and *Defendants' Motion to Strike* (Docket Entry No. 57) are hereby DENIED as moot; and

(3) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE